IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VICKIE FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4136-CV-C-WAK |
| | ) | |
| BILL ABBOTT, Sheriff of Miller County, | ) | |
| Missouri, Individually and in his Official | ) | |
| Capacity, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Vickie Fields was injured when she was taken hostage at the Miller County Jail during the course of her employment with the Miller County Sheriff's Department. In Count II of her complaint, she alleges that the building engineer, defendant Archetype Design Group, Inc., "failed to exercise reasonable care in the design and construction of the Miller County Jail," and that defendant's negligence caused or contributed to cause her injuries. (Doc. 1 at 15.)

On October 17, 2007, defendant Archetype responded to the complaint with an "Answer and Motion for Summary Judgment." The answer responded to the factual allegations and asserted the defense of contributory negligence. Defendant did not file suggestions or other documents in support of the motion for summary judgment.

Plaintiff opposes the entry of summary judgment on the basis that the "motion" was not properly filed pursuant to the rules, is premature, and is not supported by the record. In reply, defendant asserts plaintiff cannot support her assertion that defendant owed a duty of care to plaintiff. Defendant further contends that plaintiff's negligence (in addition to the hostile acts of inmates) caused or contributed to cause her injuries, because she did not use the vision panel and handcuff slot in the door.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Nevertheless, summary judgment, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

At this stage of the proceedings, the record is not sufficiently developed for the court to determine whether there are genuine issues of material fact for trial. Plaintiff, however, must receive the benefit of all reasonable inferences drawn from the facts set forth in the complaint, and thus, summary judgment is not currently warranted. After some discovery has occurred, the parties may find it appropriate to file additional dispositive motions and suggestions in accord with the rules and the scheduling order.

It is for these reasons

ORDERED that the motion of defendant Archetype Design Group, Inc., of October 17, 2007, for summary judgment is denied. [23]

Dated this 19th day of December, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge