# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| VICKIE FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4136-CV-C-MJW |
| | ) | |
| BILL ABBOTT, Sheriff of Miller County, | ) | |
| Missouri, Individually and in his Official | ) | |
| Capacity, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Miller County, Abbott, Whittle, Klindt and Wright have filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit from this Court's Order entered on August 6, 2010, denying their motion for summary judgment on qualified immunity grounds. These defendants have also filed a Motion for an Appealability Finding and for Stay of the Court's Scheduling and Trial Orders. Defendants seek to appeal denial of summary judgment on two grounds: (1) as a matter of right on denial of qualified immunity; and (2) by permission on this court's findings regarding whether there is a constitutional right covering plaintiff Fields' claims and whether there is sufficient evidence to create a triable issue of fact as to whether any or all of the Miller County defendants' actions were sufficient to establish conscious-shocking deliberate indifference.

As indicated by their filing of a notice of appeal, defendants are filing an appeal on qualified immunity grounds as a matter of right. Because qualified immunity is effectively lost if a case is erroneously permitted to go to trial, this court's order denying qualified immunity is immediately appealable under the collateral-order exception to the final judgment rule to the extent that it turns on an issue of law. Heartland Academy Community Church v. Waddle, 595 F.3d 798, 804 (8th Cir. 2010). Here, it appears the appellate court will have jurisdiction over the legal determination of whether plaintiff Fields' rights under the substantive Due Process Clause were clearly established at the time she was injured at the Miller County Jail. Thomas v. Talley,

251 F.3d 743, 746-47 (8th Cir. 2001). See also Mahamed v. Anderson, 2010 WL 2977408, __ F.3d __ (8th Cir. July 30, 2010). Defendants' notice of appeal as a matter of right on these qualified immunity grounds has already been forwarded to the Eighth Circuit Court of Appeals and a briefing schedule has been entered by that court.

Defendants' additional basis for appeal are brought, pursuant to 28 U.S.C. § 1292(b), which provides that an interlocutory appeal may be taken if the order from which an appeal is to be taken "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." Here, as set forth in this court's order denying summary judgment, there is Eighth Circuit precedent in support of this court's finding that there is a constitutional right covering plaintiff Fields' claims. Hart v. City of Little Rock, 432 F.3d 801 (8th Cir. 2005). Thus, there is no basis for a finding that there is substantial ground for difference of opinion, and this issue is not a proper basis for certification of an interlocutory appeal.

The issue of sufficiency of evidence to establish whether the Miller County defendants' actions were sufficient to establish conscious-shocking deliberate indifference is also not a proper basis for certification of an interlocutory appeal because it involves a question of fact, rather than a question of law. A defendant may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial. Mahamed, 2010 WL 2977408 at *2; Thomas, 251 F.3d at 747. This court's notation in the order denying summary judgment, that based on the evidence this was a close case that is better left for the jury, does not support a basis for certification of an interlocutory appeal on this issue. This court specifically found that in giving plaintiff Fields the benefit of all reasonable inferences, there was sufficient evidence to support that the actions of the Miller County defendants went beyond negligence, and that they acted with conscious-shocking deliberate indifference. "[D]eterminations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified immunity case." Thomas, 251 F.3d at 747.

IT IS, THEREFORE, ORDERED that the motion of defendants Miller County, Abbott, Whittle, Klindt and Wright for permission to file an interlocutory appeal on this court's findings

regarding whether there is a constitutional right covering plaintiff Fields' claims and whether there is sufficient evidence to create a triable issue of fact as to whether any or all of the Miller County defendants' actions were sufficient to establish conscious-shocking deliberate indifference is denied. [260] It is further

ORDERED that the scheduling and trial orders in this case are stayed, pending resolution and remand of this case, on the issue of qualified immunity, from the Eighth Circuit Court of Appeals. [260]

Dated this 31st day of August, 2010, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge